## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **FIRSTMERIT BANK, N.A.**, a national banking association, as successor in interest to the FDIC, as receiver for Midwest Bank and Trust Company, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 13 C 6571 |
| **STAVE PROPERTIES, INC.**; et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Because defendants Stave Properties, Inc., Joseph Betancourt and Robert Ferrari, Sr. did

not contest their guarantor-status liability to FirstMerit Bank, N.A. ("FirstMerit") in this

mortgage foreclosure action once this Court had rejected their counterclaim theories and

therefore their Counterclaims themselves in its July 9, 2014 memorandum opinion and order, on

October 30, 2014 this Court issued a brief memorandum order [Dkt. 73] that concluded in this

fashion:

> In the interim, however, one thing is plain from Defendants' Corrected
> Memorandum, just as it was from the original memorandum that it replaces.
> There is no dispute as to defendants' liability, even though its quantification
> remains for the future. Accordingly FirstMerit's motion for summary judgment is
> granted as to liability only, leaving open for the future the question of the amount
> to which FirstMerit is entitled.

Now, with the parties having been unsuccessful in reaching agreement as to the quantification of

defendants' liability, FirstMerit has filed its Reply in Support of Its Motion for Summary

Judgment [Dkt. 79] in which it has recalculated the amount for which it seeks judgment.

More specifically, Defendants' Corrected Memorandum in Opposition to Plaintiff's Motion for Summary Judgment ("D. Mem.," Dkt. 72) had contended (1) that FirstMerit's original calculations had charged default interest beginning at too early a date (commencing in September 2012 rather than on June 5, 2013, D. Mem. 7-8) and (2) that FirstMerit's late charges should not have been imposed at all (D. Mem. 11-14). Although FirstMerit and its counsel still believe that they were right in both of those respects, they have receded on both items in an effort to bring the case to a close.

Accordingly, based on the affidavit of FirstMerit's Senior Vice President Dan Stokes (Exhibit 1 to its current Reply, Dkt. 79), judgment is ordered to be entered in favor of FirstMerit and jointly and severally against Stave Properties, Inc., Joseph Betancourt and Robert Ferrari, Sr. in the sum of $185,844.17, comprising $71,333.75 in principal amount and $114,510.42 in interest through March 26, 2015. Because this Court expressly determines that there is no just reason for delay to allow for the potential entry of any further relief to which FirstMerit is entitled, this Court directs entry of a final judgment in that sum pursuant to Fed. R. Civ. P. 54(b).

_____
Milton I. Shadur
Senior United States District Judge

Date: March 26, 2015